IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv393
[Criminal Case No. 1:07cr54]

| | |
|---|---|
| JOSE ANTONIO MOROZUMI, JR., ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> UNITED STATED OF AMERICA, ) <br> ) <br> Respondent. ) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1]. For the reasons stated herein, the Petitioner's motion will be denied and dismissed.

## PROCEDURAL HISTORY

On June 4, 2007, the Petitioner was charged in a one-count bill of indictment with possession with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). United States v. Morozumi, Criminal Case No. 1:07cr54 [Doc. 1]. On September 5, 2007, he was found guilty after

1

a jury trial. Id. [Doc. 21]. Based on the evidence at trial, the Probation Officer found that the Petitioner was accountable for 2.177 kilograms of methamphetamine mixture and set the base offense level at 34. The Officer also enhanced that offense level by two points for the possession of a firearm during the offense. The Petitioner's total offense level of 36 and his criminal history category of III resulted in an advisory guideline range of 235 to 293 months of imprisonment.

On February 8, 2008, the Petitioner was sentenced to 235 months imprisonment. Id. [Doc. 26]. The Petitioner appealed his Judgment of Conviction which was affirmed by the United States Fourth Circuit Court of Appeals on February 17, 2009. United States v. Morozumi, 316 Fed.Appx. 285 (4th Cir. 2009). The sole issue raised on appeal was whether evidence of prior acts was improperly admitted during trial.

On October 22, 2009, the Petitioner timely filed this motion pursuant to 18 U.S.C. § 2255 arguing that his offense level was improperly increased when quantities of methamphetamine in excess of 50 grams, the amount specified in the indictment, were used to determine his base offense level.

**DISCUSSION**

Pursuant to the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate.[1] Rule 4(b), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge *must* dismiss the motion[.]" <u>Id</u>. (emphasis provided). The Court therefore conducts an initial review.

The Petitioner argues that he should not have been held accountable for 2.177 kilograms of methamphetamine because the indictment charged that he possessed "at least" 50 grams of a mixture or substance containing a detectable amount of methamphetamine. Petitioner's argument, however, reflects a misapprehension of the law and of the proceedings that have taken place in this Court. Petitioner was convicted by the jury of possessing "at least" (i.e. an amount greater than or equal to) 50 grams of a mixture or substance containing a detectable amount of methamphetamine, pursuant to 21 U.S.C. §841(b)(1)(B)(viii), for which the maximum sentence is forty years

---

[1] Hon. Lacy H. Thornburg, who was the sentencing judge, has since retired.

(480 months).² Petitioner's sentence of 235 months is well within this statutory maximum. The Court's findings regarding the drug quantities did not in any way affect the statute pursuant to which the Petitioner was charged or the statutory maximum for the count of conviction.³ For this reason Petitioner's arguments regarding <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) are completely inapplicable.

The Petitioner's actual argument, although not clearly articulated, is that his advisory guideline range was increased due to the evidence received at trial of his involvement with 2.177 kilograms of a methamphetamine mixture. However, "[i]n fashioning a sentence, the court was well within its discretion to make a factual finding as to the relative drug amounts in determining a sentence within the applicable statutory range established by the jury's verdict." <u>United States v. Lowery</u>, 284 Fed.Appx. 64 **7 (4th Cir. 2008), *certiorari denied* 129 S.Ct. 472, 172 L.Ed.2d 339 (2008).

> [The Petitioner] argues that the district court violated his [constitutional] rights by determining his base offense level using

---

² The minimum sentence is five years. 21 U.S.C. §841(b)(1)(B)(viii).

³ If Petitioner had been charged and convicted in accord with the drug quantities found by the Court, the Petitioner *could have* been charged under 21 U.S.C. §841(b)(1)(A)(viii), which carries a maximum sentence of life imprisonment. Since the jury did not find that Petitioner possessed at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, this statutory maximum was inapplicable to Petitioner's case.

4

a quantity of [methamphetamine] that was greater than the quantity charged in the indictment[.] ... Following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. The Supreme Court has stated that, in addition to making the Guidelines advisory, Booker "also recognized that when district courts impose discretionary sentences, ... such a sentencing scheme will ordinarily raise no [constitutional] concern[s]." ... [T]he district court's drug quantity determination did not violate [the Petitioner's] rights.

United States v. Flores, 269 Fed.Appx. 249 **1 (4th Cir. 2008), *citing* United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), *certiorari denied* 549 U.S. 852, 127 S.Ct. 121, 166 L.Ed.2d 91 (2006) (other citations omitted).

Moreover, the Petitioner did not raise this issue in his direct appeal.

In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), *certiorari denied* 529 U.S. 1010, 120 S.Ct. 1283, 146 L.Ed.2d 230 (2000).

The Petitioner has not met the burden of showing cause that excuses

his failure to raise this issue on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Since the Petitioner's argument is legally incorrect, he is unable to show actual prejudice or a miscarriage of justice resulting from the purported error. Mikalajunas, 186 F.3d at 492- 93, *citing* United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Addonizio, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), *superseded by statute on other grounds* (collateral attacks pursuant to 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or errors which result in complete miscarriage of justice).[4]

As an alternative to showing cause and actual prejudice, a petitioner may demonstrate actual innocence. However, the Petitioner has not asserted actual innocence, nor could he. "Typically, to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction; *i.e.*, that petitioner did not commit the crime of which he is convicted." Mikalajunas, 186 F.3d at 493. Such is not the case here. House v. Bell, 547 U.S. 518, 536-37, 126 S.Ct. 2064, 165 L.Ed.1 (2006) ("[P]risoners

---

[4]Although the Petitioner claims error of constitutional magnitude, the cases cited above show his assertion is without merit.

asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is hereby **DENIED** and this action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate

of appealability.

The Petitioner is hereby placed on notice that he may seek a certificate of appealability from the United States Fourth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22.

Signed: December 7, 2009

Martin Reidinger
United States District Judge